# IN RE DISSOLUTION OF FAIRMONT AUTO & REALTY COMPANY.
## E. O. OLSON v. LYMAN H. COULT.[1]

May 25, 1934.

No. 29,874.

*Leo J. Seifert,* for appellant.
*Ballou & Ballou,* for respondent.
*Paul C. Cooper,* for C. C. Stevens, creditor.

*I. M. OLSEN, Justice.*

Appellant, E. O. Olson, as administrator of the estate of Emmett H. Olson, deceased, appeals from two orders of the trial court, which orders purport to settle the account of said Emmett H. Olson, as receiver of the Fairmont Auto & Realty Company, a corporation.

Appellant had presented to the court what is designated as the final account of Emmett H. Olson, as receiver, and petitioned for allowance thereof. Hearing was had thereon before the court on October 2, 1933. Two objections to the allowance of said account were filed, one by Lyman H. Coult, the present receiver, and one by Charles C. Stevens, a stockholder and creditor of the corporation. In each of these objections certain specific items of the account were objected to. At the opening of the hearing appellant's attor-

[1]Reported in 254 N. W. 907.

ney offered in evidence all the records and files in the receivership proceeding in the office of the clerk of court, and same were received. Counsel then moved that the account be allowed. The court held that the burden rested on the objectors to prove their contentions and objections. The evidence of the objectors was then heard. As to some, if not all, of the items objected to, they were either explained by the bookkeeper or the evidence left in so inconclusive and unsatisfactory a condition that no definite findings thereon could be made. There was, however, a general objection to the effect that the receiver had wrongfully carried on the receivership as a going business and had negligently or improperly conducted same. On that ground apparently the court refused to allow any compensation to the receiver and surcharged the account $1,500, and ordered the appellant, as administrator, to pay that sum over to the present receiver. The order approving the account, as so surcharged, was made on October 11, 1933.

Shortly thereafter the present receiver made a motion to amend the order of October 11 so as to find that the receivership sustained a loss of $5,181.25 by the action of the former receiver, and to direct that the appellant, as administrator of the estate of the former receiver, pay that amount to the present receiver instead of $1,500 as directed in the order of October 11, 1933. This motion was heard on the affidavit of Coult, the present receiver, and a counter affidavit of appellant. The motion was granted by order dated November 10, 1933. There are separate appeals from the two orders.

Receiver Coult had no personal knowledge of the facts. He bases his affidavit on certain audit reports, made by accountants employed by the receiver Emmett H. Olson during the time he was the receiver. There are three of these audit reports. They are lengthy, and we do not feel called upon to go into detail about them. Sufficient to say that they list assets of the receivership generally at the book values thereof, as shown on the books of the corporation prior to the receivership. These assets, as shown by subsequent sales of personal property authorized and approved by the court, and by an appraisement made by appraisers said to have

been appointed by the court, apparently did not have an actual or realization value in the hands of the receiver of over 25 per cent of the book values.

The objections of Coult and Stevens at the hearing on the account, and the affidavit of Coult on the motion to amend the order settling the account, make objections to certain specific items of the account. Some of these items, such as compensation to a bookkeeper and expense for audits made, apparently were proper items of expense to the extent of their reasonable value. That the services were rendered is conceded. No attempt was made to show that their value was less than charged. Some other items were fairly explained by the bookkeeper. Others were not proved by the testimony. There were items, perhaps aggregating some $1,800, which the court could find should be charged against the receiver, in addition to disallowing his charges for services. The court made no findings on any of these items.

The Fairmont Auto & Realty Company commenced business in 1911 and continued until the receiver was appointed in 1931. It owned and operated a garage and automobile service and repair business and automobile sales agency. In July, 1931, its business was in such condition that it had practically no cash or liquid assets and could no longer meet its current obligations or continue its business. While its assets at book value did not so show, it was in fact insolvent. The largest item of its assets consisted of an accumulation of notes and accounts carried on the books at a face value of some $23,691, mostly uncollectible and of the probable value of about 25 per cent of face value. It had on hand some second-hand, traded in automobiles of small and uncertain value, some used and old tools and garage machinery, and some automobile parts. These tools, machinery, and parts were sold by the receiver, pursuant to order of the court, at a small percentage of book values.

Emmett H. Olson was appointed temporary receiver on July 24, 1931, with authority to continue the business until the further order of the court. He was appointed full receiver August 17, 1931. Neither he nor his attorney appears to have understood that his

authority to continue the business terminated when he was discharged as temporary receiver, and he continued to conduct the garage business up to August, 1932, without express authority from the court. He continued as receiver up to his death on March 31, 1933.

As receiver, Emmett H. Olson was liable to have his account surcharged for losses incurred through his mismanagement or negligence. State ex rel. Pope v. Germania Bank, 103 Minn. 129, 114 N. W. 651. The trouble here is that the evidence is too meager, uncertain, and insufficient to show the losses incurred going into the lump sum of $5,181.25 surcharged.

The financial depression existing during the time of this receivership, the uncollectible character of the largest item of the assets, the lack of any fair market for other property of the receivership at the time in question, and other circumstances shown present a difficult situation. The meager and unsatisfactory character of the evidence but adds to the difficulty.

The trial court said:

"Consideration of this account has been most difficult. The only person who could explain the matters, if they be explainable, was the late receiver. He is now dead. No information has been furnished the court by others who were present and participated in the conduct of the business. I have done the best I could."

Respondent's counsel say in their brief:

"The facts in this case are so meager, the accounts of the receiver so incomplete and the receiver being deceased, his doings are so clothed in uncertainties that it is impossible to point out specific items to be surcharged to his account and it would be useless to undertake to do so."

There should be a new trial or hearing. In that connection it might be suggested that the trial court may require the appellant to make an amended or additional account showing more specifically the circumstances of the various transactions complained of, especially as to the disposition of second-hand cars, and such other transactions as the court may require, and that the bookkeeper, Mrs.

Dammann, who testified at the hearing and offered to explain certain items if furnished with the bookkeeping journal sheets then not in court, should be further heard and have opportunity to examine all journal sheets and books and to explain entries found therein. The appellant, by having the books and records of the receiver more carefully gone over with Mrs. Dammann and other employes who were present during the conduct of the business, should be able to present to the court a much more intelligent and definite account and relieve the trial court of the undue burden of making findings or a decision on such evidence as here presented.

The orders appealed from are reversed.